# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA J. STEINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1280-JPG-DGW |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER for ATTORNEY'S FEES

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26). Defendant's counsel has no objection to the motion. (Doc. 28).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and her attorney (Doc. 26, Ex. 1) provided for a fee of 25% of plaintiff's past-due benefits. The Commissioner withheld 25% of the past due amount payable to plaintiff ($17,252.50) pending court approval of the fee. (Doc. 26, Ex. 3, 4, 5). Counsel here seeks a fee of $17,252.50.

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical

1

terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that $17,252.50 is a reasonable fee here.

The Court notes that the Commissioner does not oppose the motion. While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Unopposed Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **(Doc. 26)** is **GRANTED**. The Court awards plaintiff's counsel David W. Sutterfield a fee of $17,252.50 (seventeen thousand, two hundred fifty-two dollars and fifty cents).

Counsel shall refund to plaintiff the amount previously awarded under the EAJA, $7,475.50.

**IT IS SO ORDERED.**

**DATED: May 9, 2019.**

*/s/ Donald G. Wilkerson*

**DONALD G. WILKERSON**
**UNITED STATES MAGISTRATE JUDGE**